IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **FLAVIO FRANCO LORENZI, EDMUNDO RAFAEL MILIAN, JUAN CARLOS GRILLO, THIENE PRODUCER, S.A.**<br><br>Plaintiffs<br><br>vs.<br><br>**PEDRO FIGUEROA, BY HIMSELF AND IN REPRESENTATION OF THE CONJUGAL LEGAL PARTNERSHIP WITH JANE DOE; TRIMIX ENTERTAINMENT, INC.; JOHN DOE; INSURANCE COMPANIES A, B, C**<br><br>Defendants | Civil No.: 25-_____<br><br>**RE**: FRAUDULENT INDUCEMENT ("DOLO"); BREACH OF CONTRACT; BREACH OF GOOD FAITH AND FAIR DEALING; UNJUST ENRICHMENT; COSTS AND ATTORNEY'S FEES |

## COMPLAINT

**TO THE HONORABLE COURT:**

**COME NOW** the Plaintiffs, Flavio Franco Lorenzi, Edmundo Rafael Milian, Juan Carlos Grillo, and Thiene Producer, S.A. (hereinafter referred to as "Plaintiffs"), by and through the undersigned attorneys, and respectfully state, allege, and pray as follows:

### I. INTRODUCTION AND NATURE OF THE ACTION

1. This is a civil action for fraudulent inducement ("dolo") and breach of contract arising from Defendants Pedro Figueroa ("Figueroa") and Trimix Entertainment, Inc. ("Trimix") (collectively, "Defendants") fraudulently inducing Plaintiffs to enter a contract for a Chayanne concert in Venezuela. Defendants falsely represented themselves as the exclusive agents and management team for artist Elmer Figueroa Arce, professionally known as "Chayanne," despite having no authority or rights to act on his behalf. As a result of Defendants' fraudulent misrepresentations and subsequent breach of contract, Plaintiffs suffered economic damages

1

estimated to be $4,011,640.00 plus costs and attorney fees.

## II.     JURISDICTION AND VENUE

2. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), since the parties are citizens of different states, countries, and/or territories and the amount in controversy exceeds the $75,000 threshold.

3. This Court has supplemental jurisdiction over Puerto Rico law and causes of action pursuant to 28 U.S.C. §1367(a).

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b) and (c), as Defendants reside and conduct business in the Commonwealth of Puerto Rico, and the acts giving rise to this action occurred in this jurisdiction.

## III.     THE PARTIES

5. Plaintiff Flavio Franco Lorenzi is the President of Thiene Producer. He is a citizen of the Bolivarian Republic of Venezuela and does not conduct business in or maintain operations in this District.

6. Plaintiff Edmundo Rafael Milian is a Director of Thiene Producer. He is a citizen of the Bolivarian Republic of Venezuela and does not conduct business in or maintain operations in this District.

7. Plaintiff Juan Carlos Grillo is the Vice President of Thiene Producer. He is a citizen of the Bolivarian Republic of Venezuela and does not conduct business in or maintain operations in this District.

8. Plaintiff Thiene Producer, S.A., is a registered Venezuelan company with trade registry #223-45617 and tax registry #J XXXXX5654. Thiene Producer's physical and postal address is 4 Ave La Estancia, Centro Comercial Ofic. 1205, Caracas, Venezuela.

9. Defendant Pedro Figueroa is Trimix's President and Secretary, whose personal information is unknown. He is a U.S. citizen residing in Carolina, Puerto Rico. Pedro Figueroa's physical address is Ave 9, A123, Monterrey Estates, Carolina, Puerto Rico 00979-6417.

10. Defendant Trimix Entertainment, Inc. is a domestic corporation registered in the Puerto Rico Corporations Registry, with registration number 526479. Trimix Entertainment, Inc.'s physical and postal address is Ave 9, A123, Monterrey Estates, Carolina, Puerto Rico 00979-6417. This Court has jurisdiction over Trimix Entertainment, Inc., as it is a corporation that conducts business in and maintains operations in this District.

11. Defendants John Doe and Jane Doe, indicated in the caption are any other natural or juridical person who may have civil liability for these facts and whose identity is unknown at this time and are unknown persons who, in one way or another, are jointly and severally liable to pay the money claimed in this Complaint. Once they are identified, the corresponding Amendment to the Complaint will be made to include them.

12. Insurance Companies A, B, and C are insurance companies whose identities are unknown, but who issued policies covering Defendants' liability for the damages claimed here. These companies are jointly and severally liable for the damages caused to the Plaintiffs.

## IV.    THE FACTUAL ALLEGATIONS

13. Thiene Producer is a premier event production and entertainment company with over 20 years of experience in Venezuela. Over the years, Thiene Producer has successfully organized concerts featuring renowned artists.

14. In 2024, the Plaintiffs sought to organize a Chayanne concert in Venezuela. Johan Guzmán, an acquaintance who presented himself as the representative of Trimix in Venezuela, introduced Plaintiffs to Defendant Figueroa who stated to represent Chayanne.

15. On or about October 15, 2024, in San Juan, Puerto Rico, Plaintiffs and Defendants entered into a Professional Services contract ("the Contract") which was dated August 6, 2024, for a Chayanne concert ("Bailemos Otra Vez Tour") scheduled to take place on May 10, 2025, at UCV Stadium in Caracas, Venezuela.

16. In the Contract, Defendants falsely represented themselves as Chayanne's exclusive manager and management office, claiming authority to negotiate and contract on his behalf.

17. Relying on these misrepresentations, Plaintiffs agreed to pay $1,936,000 in five installments.

18. Plaintiffs made substantial payments for a total of $822,000 by December 2024.

19. Payments were made to a Banco Popular account #XXX-8600; routing number XXXXX2011.

20. On February 7, 2025, Defendant Figueroa unilaterally changed the concert date to September 20, 2025, without justification or Plaintiffs' consent, falsely claiming Chayanne requested the change.

21. On March 13, 2025, before making the fourth installment, Plaintiffs contacted Chayanne's official management team, who confirmed that Defendants had no authority to represent Chayanne and denied having any connections with them.

22. Plaintiffs demanded proof of Defendants' authority and efforts to fulfill their obligations under the Contract. Defendants, however, failed to provide such evidence.

23. Defendants never had the authority to represent Chayanne or contract on his behalf.

24. Prior to filing this action, Plaintiffs repeatedly requested that the Defendants return the money obtained through their deceit and fraudulent representations. However, they have

4

refused to do so. As a result, Plaintiffs have suffered substantial financial losses.

25. Plaintiffs' economic damages are calculated as follows:

| Description | Payment |
|---|---|
| Payments made to Mr. Pedro Figueroa and Trimix Entertainment, Inc., pursuant to the terms of the Contract | $822,000 |
| Bank fees for wire transfers made to Mr. Pedro Figueroa through TRIMIX Entertainment, Inc. | $20,000.00 |
| Travel costs to Puerto Rico for the signing of the Contract. Includes airfare, lodging, per diem, internal transportation, and private security. | $18,000.00 |
| Attorneys' fees for the lawsuit plus court costs as of the filing of the complaint. | $20,000.00 |
| Miscellaneous reportable expenses inherent to the lawsuit. | $15,000.00 |
| Payment of the Venue "Estadio Olimpico de UCV" | $150,000.00 |
| Projected income foregone due to the non-performance of the Artist, Chayanne | $2,966,640.00 |
| **TOTAL:** | **$4,011,640.00** |

V.     **FIRST CAUSE OF ACTION: FRAUDULENT INDUCEMENT ("DOLO") AND FRAUD (AGAINST ALL DEFENDANTS)**

26. Plaintiffs reallege and incorporate all the allegations in paragraphs 1 through 25 as if set forth fully herein.

27. Defendants intentionally and maliciously misrepresented themselves as Chayanne's representatives to induce Plaintiffs to enter the Contract.

28. Defendants never had the authority to represent Chayanne or contract on his behalf and were aware of their lack of authority before entering the Contract.

29. Defendants made these false representations with the specific intent to defraud the Plaintiffs.

30. Plaintiffs would not have entered the Contract but for Defendants' fraudulent misrepresentations.

31. The contractual relationship between Plaintiffs and Defendants is governed by the laws of the Commonwealth of Puerto Rico, specifically the 2020 Puerto Rico Civil Code ("PRCC2020") and any other applicable local statute.

32. Article 292 of the PRCC2020 defines substantial fraudulent inducement ("dolo grave") as "the intentional act or omission by which one party or a third party induces another party to enter a legal transaction that it would not have otherwise entered into." Art. 292, PRCC2020, P.R. Laws Ann. Tit. 31, § 6211.

33. Article 286 of the PRCC2020 states: "The legal transaction in which there is a defect of the will is annullable if the defect was determinant for its granting. The person who causes the fraud ("dolo"), violence, or intimidation is subject to compensation for the resulting damages." Art. 286, PRCC2020, P.R. Laws Ann. Tit. 31, § 6192.

34. Defendants' willful, malicious, and deceitful conduct caused Plaintiffs to suffer substantial economic damages estimated to be $4,011,640.00.

### VI.     SECOND CAUSE OF ACTION: BREACH OF CONTRACT (AGAINST ALL DEFENDANTS)

35. Plaintiffs reallege and incorporate all the allegations in paragraphs 1 through 34 as if set forth fully herein.

36. On or about October 15, 2024, Plaintiff and Defendants entered into the Contract.

37. Article 1158 of the PRCC2020 mandates that any party that contravenes its contractual obligations compensate the aggrieved party for damages incurred. P.R. Laws Ann. Tit.

31, § 9303. This duty to indemnify extends to both actual damages and loss of future earnings. Art. 1167 of the PRCC2020, P.R. Laws Ann. Tit. 31, § 9331. Pursuant to Article 1168 of the Civil Code, a breaching party who incurs in "dolo" is liable for all damages that arise from his or her breach of the corresponding obligation. P.R. Laws Ann. Tit. 31, § 9332.

38. Defendants breached the Contract by failing to secure Chayanne's appearance, lacking the authority to do so, and by falsely representing that they had the authority to represent Chayanne in business dealings.

39. Defendants also breached the Contract by unilaterally changing the concert date to September 20, 2025, without any justification or the required consent.

40. Plaintiffs suffered significant financial harm as a direct result of Defendants' breach, resulting in damages estimated to be $4,011,640.00.

## VII. THIRD CAUSE OF ACTION: BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING (AGAINST ALL DEFENDANTS)

41. Plaintiffs reallege and incorporate all the allegations in paragraphs 1 through 40 as if set forth fully herein.

42. On or about October 15, 2024, Plaintiff and Defendants entered the Contract.

43. Defendants had a duty to act in good faith toward Plaintiffs while fulfilling the terms of the Contract. All contracts in Puerto Rico law are subject to an implied covenant of good faith and fair dealing. Art. 1062 of the PRCC2020, P.R. Laws Ann. Tit. 31, § 8983. *See also Cantellops v. Álvaro-Chapel*, 234 F.3d 741, 744 (1st Cir. 2000). This duty of good faith applies to contract performance. *Adria Int'l Grp., Inc. v. Ferré Dev., Inc.*, 241 F.3d 103, 108-09 (1st Cir. 2001).

44. "In determining whether liability attaches in a particular instance [for breach of the duty of good faith], an inquiring court typically examines the totality of the circumstances." *Punta

7

*Lima, LLC v. Punta Lima Dev. Co., LLC*, 440 F. Supp. 3d 130, 154 (D.P.R. 2020) (citing *New Comm Wireless Servs. v. Sprintcom, Inc.*, 287 F.3d 1, 12 (1st Cir. 2002)). "Liability exists if, in light of all the surrounding circumstances, the party's actions appear arbitrary, deceitful, or animated by improper purpose." *Punta Lima*, 440 F. Supp. 3d at 154.

45. Defendants breached their duty to act in good faith and conduct fair dealing by intentionally and maliciously misrepresenting themselves to be Chayanne's representatives, knowing they had no authority to negotiate and contract on Chayanne's behalf.

46. Plaintiffs have been damaged as a direct and proximate result of Defendants' breach of their duty to act in good faith and conduct fair dealing in connection with the obligations set under the Contract, resulting in damages estimated to be $4,011,640.00.

## VIII. FOURTH CAUSE OF ACTION: UNJUST ENRICHMENT (AGAINST ALL DEFENDANTS)

47. Plaintiffs reallege and incorporate all the allegations in paragraphs 1 through 46 as if set forth fully herein.

48. This claim is pleaded in the alternative, if the contract is deemed void due to Defendants' fraudulent inducement or fraud, leaving Plaintiff without an adequate remedy at law.

49. "To prove a claim for unjust enrichment under Puerto Rico law, "[t]he following requirements must be present: (1) existence of enrichment; (2) a correlative loss; (3) nexus between loss and enrichment; (4) lack of cause for enrichment; and (5) absence of a legal precept excluding application of enrichment without cause." *Montalvo v. LT's Benjamin Records, Inc.,* 56 F. Supp. 3d 121, 136 (D.P.R. 2014)

50. Defendants received at least $822,000 from Plaintiffs under false representations and pretenses and provided no benefit in return.

51. As a result of their payments, Plaintiffs suffered a correlative loss.

52. Under a void Contract, Defendants have no legal or equitable right to retain these funds, which were obtained through fraud and misrepresentation.

53. Defendants' enrichment is unjustified.

### IX. FIFTH CAUSE OF ACTION: COSTS AND ATTORNEY'S FEES (AGAINST ALL DEFENDANTS)

54. Plaintiffs reallege and incorporate all the allegations in paragraphs 1 through 53 as if set forth fully herein.

55. Plaintiffs exhausted all extrajudicial remedies before filing this action.

56. Due to Defendants' temerity, willful and malicious conduct, Plaintiffs are entitled to recover costs, expenses, prejudgment interest, and attorney's fees under Rule 44.1 of Puerto Rico Rules of Civil Procedure, P.R. Laws Ann. Tit. 32A, Ap. V, R. 44.1, and applicable jurisprudence.

57. Defendants have incurred in temerity and, thus, Plaintiffs are entitled to recover prejudgment interest, costs, and attorney's fees.

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court: (a) enter a Judgment in favor of Plaintiffs in an amount no less than $4,011,640.00; and (b) award Plaintiffs' costs, expenses, prejudgment interest, and attorneys' fees.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 20th day of May 2025.

**DLA Piper (Puerto Rico) LLC**
500 Calle de la Tanca, Suite 401
San Juan, PR 00901-1969
Tel. 787-945-9120 / 9105
Fax 939-697-6072 / 6002

*/s/ Sonia Torres*
Sonia Torres
USDC-PR No. 209310
sonia.torres@us.dlapiper.com

*/s/ Isabel Lecompte*
Isabel Lecompte
USDC-PR No. 230714
isabel.lecompte@us.dlapiper.com

*Attorneys for Plaintiff*